FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 04 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03085-BNB

DAVID P. STEVENS,

    Applicant,

v.

ANGEL MEDINA, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, David P. Stevens, is a state prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the correctional facility in Limon, Colorado. Mr. Stevens, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his conviction and sentence in Arapahoe County District Court Case No. 92CR18.

    On January 5, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on February 25, 2011, and Mr. Stevens filed a Reply on March 15, 2011.

    The Court must construe liberally the Application filed by Mr. Stevens because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

In February 1994, Mr. Stevens was convicted by a jury of first degree kidnapping, conspiracy to commit first degree kidnapping, second degree assault, conspiracy to commit second degree assault, menacing, and two counts of the crime of violence sentence enhancer. Pre-Answer Resp. at 1-2; Application at 2. Mr. Stevens was sentenced to life in prison and to a consecutive eighty-year sentence. *Id.* The Colorado Court of Appeals (CCA) affirmed the judgment of conviction on August 15, 1996, Pre-Answer Resp. App. C., and the Colorado Supreme Court (CSC) denied certiorari review on May 27, 1997, App. D.

On November 19, 1997, Mr. Stevens filed a Colo. R. Crim. P. 35(b) postconviction motion. *See* Pre-Answer Resp. at 2 and App. A at 10; *see also* Application at 4. The trial court denied the motion on January 27, 1998, and Mr. Stevens did not appeal the denial. App. A at 9; Application at 4. On January 29, 1998, Mr. Stevens filed a Colo. R. Crim. P. 35(c) postconviction motion. App. A at 9. In the Rule 35(c) motion, Mr. Stevens was granted appointment of counsel. On September 16, 1999, Mr. Stevens requested substitution of counsel, and on October 7, 1999, counsel filed a motion to withdraw. App. A at 8-9. On October 29, 1999, the court denied Mr. Steven's request for substitution of counsel but granted counsel's request to

withdraw. App. A at 8. Mr. Stevens filed a motion to reconsider the denial of substitution on November 26, 1999, and the court denied the motion on October 20, 2000. *Id.* Mr. Stevens then filed an appeal on November 28, 2000, that was dismissed for lack of jurisdiction on July 18, 2002. App. I at 4.

On April 30, 2004, Mr. Stevens filed a second Rule 35(c) postconviction motion. App. A at 7. The district court summarily denied the motion on July 22, 2004, and Mr. Stevens appealed the denial on October 26, 2004. App. A. at 6. On October 26, 2006, the CCA reversed the denial of the second Rule 35(c) in part and remanded the case for further proceedings on two ineffective assistance of counsel claims. App. L. After holding an evidentiary hearing on June 27, 2008, the district court entered an order on September 19, 2008, finding no ineffective assistance of counsel. App. A at 4. Mr. Stevens appealed; the CCA affirmed the district court's order on May 27, 2010, App. P; and the CSC denied certiorari review on September 7, 2010, App. Q. Mr. Stevens initiated this action on December 20, 2010. He asserts five claims. Claim Five has six subparts.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Stevens' conviction became final on August 25, 1997, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Accordingly, time began to run on August 26, 1997, for the purposes of § 2244(d).

The Court next must determine whether any of Mr. Stevens' state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. The one-year limitation period ran from August 26, 1997, until November 18, 1997, the day prior to when Mr. Stevens filed his first Rule 35(b) postconviction motion, which is a total of eighty-five days. Although Mr.

4

Stevens filed a Rule 35(c) postconviction motion during the time his Rule 35(b) motion was pending, the issue here is whether Mr. Stevens' first postconviction motion was pending until April 30, 2004, when he filed the second Rule 35(c) motion.

In Mr. Steven's first postconviction motion, the CCA on July 18, 2002, denied his appointment of counsel appeal as an improper appeal of a nonfinal order. App. I. The mandate was entered on September 27, 2002. Not until a year after the mandate was entered, on October 7, 2003, did Mr. Stevens file a motion in the district court that possibly could be construed as an inquiry regarding the status of his pending Rule 35(c) postconviction motion. Pre-Answer Resp. App. A. Mr. Stevens, however, does not in either the Application or the Reply explain the purpose of the October 7 filing or assert that he made an attempt to proceed with the first postconviction motion prior to filing a second postconviction motion. Also, there is no indication on the state court registry of actions that the district court ruled on Mr. Stevens' first Rule 35(c) motion. Furthermore, the CCA states in the opinion disposing of Mr. Stevens' second Rule 35(c) motion that the first Rule 35(c) motion was not ruled on by the district court. Pre-Answer Resp. App. P at 1.

The issue of whether a postconviction motion is pending is a matter of federal law. See *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). Although the interpretation of the term "pending" is a matter of federal law, state procedural laws are relevant to the federal analysis. *Id.*

Under Colorado law, Mr. Stevens' failure to take reasonable steps to secure an

expeditious ruling on his postconviction motion resulted in the motion's abandonment. See *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (defendant deemed to abandon a Rule 35(b) post-conviction motion when he does not "take reasonable efforts to secure an expeditious ruling on the motion"); *People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (rule for abandonment used in *Fuqua* applied to Rule 35(c) postconviction motion). It is not reasonable that for at least eighteen months Mr. Stevens failed to file any inquiries with the state district court in an attempt to proceed with his first postconviction motion. Furthermore, the fact that Mr. Stevens filed a second Rule 35(c) postconviction motion rather than attempting to continue with his first postconviction motion serves as a basis for finding that he abandoned the first postconviction motion.

Mr. Stevens also failed to employ proper state court procedures in an attempt to exhaust state court remedies. *Gibson*, 232 F.3d at 806 (quoting *Barnett v. Lemaster*, 167 F.3d 1321,1323 (10th Cir. 1999)). Section 13-4-102(1) of the Colorado Revised Statutes provides that the CCA has jurisdiction over appeals from final judgments. The term "final judgment" has been defined as one "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." See *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 2 (Colo. 1982). Rule 35(c)(3)(IX) expressly provides that an order denying postconviction relief is a final judgment reviewable on appeal. Here, Mr. Stevens was not appealing an order denying his postconviction motion. The district court maintained jurisdiction over the postconviction motion during

Mr. Stevens' nonfinal appeal. *See Musick v. Woznicki*, 136 P.3d 244, 246 (Colo. 2006). Mr. Stevens was not employing proper state court procedures to exhaust his state court remedies. As soon as Mr. Stevens filed the notice of appeal of a nonfinal order his first postconviction motion no longer was pending. Mr. Stevens, therefore, did not have a postconviction motion pending in state court, from November 28, 2000, the date he filed his appeal, until April 29, 2004, the date prior to when he filed his second postconviction motion, which is over three and one-half years, and in addition to the eighty-five days from when his conviction became final and he filed his first postconviction motion.

Even if the Court finds that the first postconviction motion was improperly pending or abandoned starting on September 27, 2002, when the mandate issued denying Mr. Steven's improper appeal of a nonfinal order, the time not tolled under § 2244(d) is 666 days, which includes the eighty-five days from the date his conviction was final until he filed his first postconviction motion. Accordingly, unless equitable tolling applies, Mr. Stevens' Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2652 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of

affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d 799, 808 (10th Cir. 2000). However, "[a] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, ---- F.3d ----, 2010 WL 4923891 * 3 (10th Cir. 2010).

First, Mr. Stevens does not address in his Application or his Reply why he filed a second Rule 35(c) postconviction motion rather than proceeding with his first Rule 35(c) postconviction. Second, Mr. Stevens' arguments for a finding of timeliness lack merit. Mr. Stevens contends that Respondents should have raised the abandonment issue at the state level, and because they did not this Court is bound by the state court determination that his Rule 35(c) motion was both timely and properly appealed.

A finding that Mr. Stevens has filed a timely postconviction motion in state court does not necessarily support a finding for timeliness under § 2244(d). The lack of a time limitation under Colo. Rev. Stat. § 16-5-402(1) for those individuals convicted of a class one felony to seek collateral review does not apply to § 2244(d). Mr. Stevens'

8

second Rule 35(c) motion was timely under § 16-5-402(1). However, as the Court stated above, for 665 days prior to the filing of the second Rule 35(c) motion Mr. Stevens did not have a proper postconviction motion or collateral proceeding pending in state court for the purposes of § 2244(d). Mr. Stevens has failed to demonstrate that he pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented a timely filing of a postconviction motion. The instant action, therefore, will be dismissed as barred by the one-year limitation period.

Because the action is time-barred, the Court need not address Respondents' argument that Mr. Stevens failed to exhaust his state court remedies.

Accordingly, it is

ORDERED that Mr. Stevens' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Stevens has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this __4th__ day of _____April_____, 2011.

BY THE COURT:

                         __s/Lewis T. Babcock_____
                         LEWIS T. BABCOCK, Judge
                         United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03085-BNB

David P Stevens
Prisoner No. 82973
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 4, 2011.

                                      GREGORY C. LANGHAM, CLERK

                                By: _____
                                             Deputy Clerk